IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANN-MARIE DE SOUZA, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
| v. | )   No. 3:10-CV-763-O (BF) |
| | ) |
| EMC MORTGAGE CORP. and | ) |
| JOHN VELLA, | ) |
| | ) |
|         Defendants. | ) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to the United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636(b).  Before the Court is Defendants' Motion to Transfer Venue. The Findings, Conclusions, and Recommendation of the Magistrate Judge follow:

**Parties:** Plaintiff is a resident of Lawrenceville, Georgia. Defendant EMC Mortagage Corporation is the servicer of Plaintiff's home mortgage loan. Defendant John Vella is the President and CEO of EMC Mortgage Corporation.

**Discussion:** Plaintiff presents a variety of claims, including violations of the Fair Debt Collection Practices Act, Truth in Lending Act, Fair Credit Billing Act, and Uniform Commercial Code.

Congress has recognized that substantial advantages may be gained by having a case resolved in the court located nearest the site of the underlying controversy. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 497 (1973).  The terms of 28 U.S.C. § 1404(a) provide that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  A court may transfer

a case upon a motion or *sua sponte*. *See* U.S.C. §§ 1404, 1406.  The court has broad discretion in deciding whether to order a transfer. *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987); *accord Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761 (5th Cir. 1989).

The property in question sits in Lawrenceville, Georgia, which is located within the Northern District of Georgia.  The loan out of which Plaintiff's claims arise occurred in Lawrenceville, and potential witnesses to the transaction would be readily accessible there. Furthermore, non-party witnesses residing in Georgia would be outside the 100-mile subpoena range of this Court. *See* FED. R. CIV. P. 45(c)(3). Finally, to the extent Georgia state law applies to this case, a federal court situated in Georgia likely has greater familiarity with Georgia law.  Thus, the Northern District of Georgia is a more convenient forum.  *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-18.  In fact, Plaintiff filed an identical action in the Northern District of Georgia prior to filing suit in the Northern District of Texas.  Transfer to the Northern District of Georgia is appropriate in this case, and the Court recommends this case be transferred.

## RECOMMENDATION

For the foregoing reasons, the Court recommends this case be transferred to the Northern District of Georgia.

Signed this 21st day of September, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).